IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEPHINE BARE, | ) | |
| | ) | No. 30646-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY SHERVEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Jeremy Shervey appeals the trial court's entry of a domestic

violence protection order against him. The protection order expired on November 11,

2012. We dismiss his appeal as moot.

Facts

Mr. Shervey and Stephine Bare met in 1997 and had two children together. They

separated in 1999 after a no-contact order was entered. When the no-contact order

expired, the parties reunited. After a tumultuous reconciliation period, the parties

ultimately separated in 2004. They were able to work out a co-parenting schedule.

Ms. Bare thereafter married and on September 24, 2011 was arrested and charged

with fourth degree assault against her husband. While she was being held in jail, Mr.

Shervey took the parties' two children to his home in King County. He did not return them to Ms. Bare upon her release despite the fact that the children had resided in Kittitas County and were enrolled in school.

On September 26, Mr. Shervey filed an order for protection against Ms. Bare in King County; the court denied the petition and dismissed the case. The parties' children were returned to Ms. Bare on October 10.

On October 18, Ms. Bare filed a petition for a protection order against Mr. Shervey in Kittitas County. Ten days later, she filed a petition for a parenting plan in Kittitas County. She had difficulty serving Mr. Shervey and alleged he was avoiding service. The court authorized Ms. Bare to serve Mr. Shervey by certified mail for a hearing set November 14. Mr. Shervey was served with the protection order on November 2. He was not served with the parenting plan action.

Mr. Shervey filed his own action for a parenting plan with King County Superior Court on November 7. Ms. Bare was served with that action on November 12, and responded pro se.

On the morning of the November 14 hearing in Kittitas County, Mr. Shervey faxed a continuance request to the court stating he had "'prior obligations at another court at the same time and date.'" Report of Proceedings at 2. Mr. Shervey was attending a court hearing in King Country for an outstanding warrant for failure to complete domestic violence classes and pay fines that were associated with the violation of a prior

2

no-contact order between him and Ms. Bare. Finding no good cause for a continuance, the court denied Mr. Shervey's request and entered a one-year order for protection.

In December, Mr. Shervey filed a motion in Kittitas County pursuant to CR 60 to vacate the November 14 order for protection, asserting that there was insufficient evidence articulated in the petition to warrant the granting of the order. The motion was heard on January 27, 2012. At that time, the parties' lawyers also advised the court of developments in the competing actions for a parenting plan, including that the King County court had entered a temporary parenting plan on December 22, 2011, giving Mr. Shervey primary custody and limiting Ms. Bare's contact with the children to supervised visits. Ms. Bare's lawyer represented that she would soon be taking action in King County to set aside the December order. Both parties agreed that the competing parenting plan proceedings did not bear on the challenge to the order of protection raised by Mr. Shervey's CR 60 motion.

The court denied Mr. Shervey's motion. Mr. Shervey appealed. The parties' briefing of the appeal was completed on November 13, 2012. The order of protection expired by its terms on November 14, 2012. This appeal was set for decision without oral argument on May 2, 2013.

Having reviewed the record, this court inquired of the parties whether the issue was still ripe for review in light of the expiration of the order. While Ms. Bare's lawyer saw no further need for a decision on appeal, Mr. Shervey's lawyer responded that

3

because the order remains of record and can be used as justification for a similar order in the future the issue is not moot and the court can grant effective relief.

Analysis

Mr. Shervey asks this court to reverse the denial of his CR 60 motion to vacate the protection order and to dismiss the order. As he pointed out in bringing his CR 60 motion, the competing parenting plan actions filed in King County and Kittitas County "[are not] dispositive of the underlying issue as to whether there should exist a domestic violence protection order [in this] case." Clerk's Papers at 247. The protection order expired by its terms over five months ago.

"A case is moot if a court can no longer provide effective relief." *Blackmon v. Blackmon*, 155 Wn. App. 715, 719, 230 P.3d 233 (2010). We will dismiss a case that involves only a moot question, unless that case presents issues that are of substantial and continuing interest. *In re Marriage of Horner*, 151 Wn.2d 884, 891-92, 93 P.3d 124 (2004).

Mr. Shervey's argument that the order can be used as a justification for a similar order in the future is not persuasive. A petition for protective relief is required to allege the existence of domestic violence, and shall be accompanied by an affidavit made under oath stating the specific facts and circumstances from which relief is sought. RCW 26.50.030. As Mr. Shervey himself argues in this appeal, "domestic violence" is defined to include "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent

4

physical harm, bodily injury or assault," sexual assault or stalking. RCW 26.50.010(1). As he further points out, *In re Marriage of Freeman*, 169 Wn.2d 664, 674, 239 P.3d 557 (2010) holds that in requesting an order of protection, "[i]t is not enough that the facts may have justified the order in the past. Reasonable likelihood of imminent harm must be in the present." Because any future order of protection will have to be based on its own merits, this case is analogous to an appeal contesting an offender score where the appellant has been released from confinement and is not on community custody, *see State v. Harris*, 148 Wn. App. 22, 26, 197 P.3d 1206 (2008), or where a defendant challenging a probation or community custody revocation has served the time imposed as a result of the revocation. *In re Pers. Restraint of McNeal*, 99 Wn. App. 617, 619, 994 P.2d 890 (2000).

The appeal is dismissed as moot.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Kulik, J.